COLUMBIA, NEWBERRY & LAURENS RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20634. Promulgated January 31, 1950.

*Robert R. Faulkner, Esq.*, for the petitioner.
*George J. LeBlanc, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies against the petitioner as follows:

| Year | Income tax | Excess profits tax |
|------|-----------|--------------------|
| 1941 | | $3,729.60 |
| 1942 | | 4,664.35 |
| 1943 | $7,234.20 | |
| 1944 | 3,924.99 | |

The only issue is whether amounts evidenced by certificates of indebtedness issued by the petitioner to its bondholders in 1900 for past due interest and to reduce the interest rate for later years constitute borrowed capital under section 719 of the Internal Revenue Code for the purpose of computing its excess profits credit based on invested capital for the taxable years.

The facts have been stipulated.

The petitioner, a corporation, was organized under the laws of South Carolina in 1886 to operate a railroad. Its returns for the taxable years were filed with the collector of internal revenue for the district of South Carolina.

The earnings of the petitioner had not been sufficient to pay its expenses and the interest on its outstanding bonds maturing in 1937. It entered into an agreement with its bondholders in 1895 whereby they accepted its certificates of indebtedness, maturing in 1937 and bearing interest at 5 per cent, in payment of the semiannual interest coupons which would mature on January 1 of 1896, 1897, 1898, and 1899. Similar coupons which matured on July 1 of those years were duly paid. No interest was ever paid on the certificates of indebtedness prior to 1900.

The petitioner was unable to pay the bond interest coupons which became due on January 1, 1900. It therefore entered into an agreement with its bondholders early in 1900 whereby it issued to them "Certificates of Indebtedness" (hereinafter referred to as the second series) in the total amount of $355,200 in consideration of (1) a reduction in the rate of interest payable on the bonds from 6 to 3 per cent, (2) the surrender of the certificates of indebtedness issued to the bondholders in 1895, and (3) the surrender of the bond interest

coupons which became due on January 1, 1900. The certificates of indebtedness (second series) provided in part as follows:

> This certificate shall be irredeemable, save that it shall rank as a claim against the said company payable with other outstanding certificates of its class in preference to the capital stock only.
>
> The interest on this certificate is in no event to exceed the rate of five per cent per annum, payable semi-annually on the first day of April and of October each year, and is to be only such thereon as the income of the year will justify, said interest to take precedence of dividends on the stock only.
>
> The Board of Directors, who [sic] decision shall be final, shall have full power to ascertain and determine, after all interest on mortgage bonds issued and to be issued have been paid, together with all necessary expenses, how much, if any, income has been earned applicable to interest on this certificate; and any part or the whole of any semi-annual interest not ordered by the Board of Directors to be paid, shall not thereafter be a claim upon the company, as the true intent of this certificate is, that the interest shall in no sense be cumulative.

The petitioner paid off the mortgage bonds in 1937, 1940, 1941, and 1942.

The petitioner included the certificates of indebtedness (second series) in the principal amount of $355,200 in its borrowed capital for the purpose of computing its excess profits credit based on invested capital on its returns for the taxable years.

The Commissioner determined that "the certificates of indebtedness issued by you in the total amount of $355,200.00, partly in settlement of past due interest on a first mortgage bond issue and partly as consideration for a reduction in interest rate on the first mortgage bonds, are not includible in invested capital * * * as borrowed capital under the provisions of Section 719 (a) (1) of the Internal Revenue Code" for the taxable years.

The point argued is whether the certificates of indebtedness (second series) issued by the petitioner in 1900 evidence an "outstanding indebtedness (not including interest)" within the meaning of section 719 (a) (1).[1] It may be assumed for present purposes that the certificates represented indebtedness, since neither party argues to the contrary. Neither the regulations nor the legislative history of section 719 are helpful in the determination of this issue.

"The excess profits tax act has for its purpose the taxation of profits in excess of normal profits. The invested capital method of computing the amount of normal profits allows a normal return on capital

---

[1] SEC. 719. BORROWED INVESTED CAPITAL.

(a) BORROWED CAPITAL.—The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

(1) The amount of the outstanding indebtedness (not including interest) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, plus,

* * * * * * *

(b) BORROWED INVESTED CAPITAL.—The borrowed invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be an amount equal to 50 per centum of the borrowed capital for such day.

invested in the business and taxes the profits in excess thereof." *Player Realty Co.*, 9 T. C. 215, 218. This Court, citing *Palm Beach Trust Co.*, 9 T. C. 1060 (reversed on another issue, 174 Fed. (2d) 527; certiorari denied, 338 U. S. 825), held in *McKinney Manufacturing Co.*, 10 T. C. 135, 140, that noninterest-bearing scrip maturing in 15 years after 1939, delivered to the taxpayer's bondholders in a 1939 reorganization and based upon past due interest on its bonds, retained its character as interest, and, as such, could not be included in the taxpayer's borrowed capital under section 719 (a) (1). The petitioner concedes on brief that the *Palm Beach* and *McKinney* cases sustain the action of the Commissioner in eliminating from its borrowed capital amounts evidenced by the certificates of indebtedness (second series) in the amount of $124,920 which were issued and exchanged for the semiannual interest coupons due on January 1, 1900, and for the original certificates of indebtedness which had been issued in payment of interest due prior to 1900. However, the petitioner contends that those cases do not apply to its indebtedness, evidenced by the remainder of the certificates of indebtedness (second series) in the amount of $230,280, and that that amount is includible in its borrowed capital under section 719 (a) (1). It argues that those certificates were issued to its bondholders as consideration for their agreement to reduce the future rate of interest on its bonds. The respondent insists that the amounts evidenced thereby retained the character of "interest" and do not represent capital borrowed by the petitioner and invested at the risk of the business.

The petitioner has failed to advance a satisfactory reason for distinguishing the *Palm Beach* and *McKinney* cases from the instant case. Do certificates of indebtedness issued as consideration for an agreement to reduce the future rate of interest on a bonded indebtedness evidence an "outstanding indebtedness (not including interest)"? Interest at 3 per cent on the petitioner's outstanding bonded indebtedness of $888,000 from 1900 until the maturity of the bonds in 1937 would have amounted to $985,680 in the aggregate. The bondholders agreed to give up that amount of interest in return for certificates of indebtedness (second series) in the amount of $230,280. Those certificates thus reduced the amount which the petitioner would otherwise have been liable to pay from time to time as interest, and, in addition, they extended the time of payment. The certificates representing past due interest merely extended the time of payment.[2] There is no valid distinction for the purposes of section 719 (a) (1) between certificates of indebtedness issued by a debtor corporation in respect

---

[2] The certificates issued in 1900 in respect of past due interest were issued for the most part in exchange for the original certificates of indebtedness which had been issued in 1895, and those original certificates of indebtedness were issued in payment of interest coupons which would mature in the future, that is, in 1896–1899.

of past due interest and those issued by it in respect of future interest, regardless of whether the amount which it would otherwise have been liable to pay as interest is reduced or not. The certificates of indebtedness (second series) in the amount of $355,200 do not evidence "outstanding indebtedness (not including interest)" within section 719 (a) (1).

*Decision will be entered for the respondent.*